## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **Jason Sparks, Derek Parris,** | ) |
| **Daniel Rau, Aleksey Kazakov,** | ) |
| **Bryan Corbin, and Michael O'Loughlin,** | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. |
| **Duncan Race Cars, Inc.,** | ) JURY TRIAL DEMANDED |
| d/b/a Springs Auto & Truck Service Center, Inc. | ) |
| Serve: Debra Rouse, registered agent | ) |
| 6035 Galley Rd. | ) |
| Colorado Springs, CO 80915 | ) |
| | ) |
| **Devin Breese** | ) |
| Serve: 6035 Galley Rd. | ) |
| Colorado Springs, CO 80915 | ) |
| | ) |
| **and Terry Breese** | ) |
| Serve: 6035 Galley Rd. | ) |
| Colorado Springs, CO 80915 | ) |
| Defendants. | ) |

## COMPLAINT

1. This is an action for damages for Defendants' willful violation of Federal and Colorado wage laws regarding minimum wage, overtime pay, limitations on deductions from wages, and requirements for rest and meal periods.

**Parties, Jurisdiction, and Venue**

2. Plaintiffs are automotive mechanics currently or formerly employed by Defendants at the retail automotive repair shop operating under the trade name Springs Auto & Truck Service Center, Inc., located in Colorado Springs, Colorado. Each Plaintiff is a citizen and resident of Colorado; except Plaintiff Aleksey Kazakov is a foreign citizen, and lawful resident of Colorado.

1

3. Defendant Duncan Race Cars, Inc., d/b/a Springs Auto & Truck Service Center, Inc., is a corporation organized under the laws of Colorado, with its principal place of business in Colorado Springs, Colorado, and accordingly is a citizen of the state of Colorado.

4. Defendant Devin Breese is a manager and, upon information and belief, a co-owner of Duncan Race Cars, Inc. Defendant Devin Breese is a citizen and resident of Colorado.

5. Defendant Terry Breese is a manager and owner of Duncan Race Cars, Inc. Defendant Terry Breese is a citizen and resident of Colorado.

6. The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), authorizes private parties to sue for damages for violation of the FLSA's wage and hour provisions. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiffs assert a "federal question" cause of action under the FLSA, 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants do business in this District and a substantial part of the unlawful conduct giving rise to the claims in this lawsuit occurred in this District.

**General Allegations**

8. Each plaintiff is or was within the last three years employed by Defendants as an automotive mechanic at Defendants' retail automotive repair shop in Colorado Springs, Colorado.

9. Defendants are joint employers with respect to the claims stated herein, because each Defendant had authority to, and in fact did, make decisions with respect to Plaintiffs for

hiring and firing and for policies and practices related to compliance with state and federal wage and hour law.

10. Defendants are also joint employers with respect to the claims stated herein because each Defendant controlled the day to day operations of the business with respect to the Plaintiffs generally, and particularly regarding the wage and hour practices alleged herein.

11. Defendants are also joint employers, and in particular the individual Defendants are not protected by the "corporate veil," because, on information and belief, the corporate Defendant does not operate separately from its individual Defendant owners; the corporate Defendant, under control by the individual Defendants, disregards corporate formalities; the individual Defendants operate the corporate Defendant for their personal purposes and without separation of funds, assets, and records; the individual Defendants divert the corporate Defendant's funds or assets to noncorporate uses; and the individual Defendants cause the corporate Defendant to be inadequately capitalized.

12. Defendants have violated applicable wage and hour laws by Defendants' unlawful use of a "flag rate" pay system for Plaintiffs that failed to pay Plaintiffs for all time worked, failed to pay minimum wage for all hours worked each week, and failed to pay the legally mandated overtime rate for all hours worked in excess of 40 hours each week.

13. Defendants' "flag rate" scheme for violating the wage and hour laws designated a predetermined amount of time that Plaintiffs would be paid for each customer job, without regard to the actual time Plaintiffs spent on each customer job.

14. For example, a particular automotive repair job for a particular customer might involve two specified repair tasks and be allocated a "flag rate" of 1.2 hours for which the mechanic Plaintiff would be paid. Defendants paid the Plaintiffs for the time designated by the

"flag rate" without regard to whether the repair job actually took the 1.2 hours designated (in the example), or instead took 1.5 hours, 3 hours, or 10 hours.

15. The "flag rate" designated for each job was typically less than the amount of time Plaintiffs actually spent performing the job, with the result that Plaintiffs worked many hours for the Defendants without pay.

16. Additionally, in between customer automotive repair jobs, Plaintiffs were required to perform additional work for Defendants, such as cleaning the shop, for no pay.

17. As a result of working many hours without pay, in many instances Plaintiffs were not paid the legally mandated minimum wage.

18. Defendants paid Plaintiffs the "flag rate" without regard to whether the Plaintiffs worked more than 40 hours in a particular week, with the result that Defendants often violated the requirement to pay an overtime premium of one-and-one-half times the regular rate for all time worked in excess of 40 hours in a particular week.

19. Defendants also improperly deducted amounts from Plaintiffs' wages for certain costs of doing business, such as damaged automotive parts and shop equipment and unused repair parts. Such deductions are prohibited by Colorado wage law. Colo. Rev. Stat. Ann. § 8-4-105; 7 CCR 1103-1 § 9.

20. In addition to the unlawful deductions from wages being a direct violation of Colorado wage law, those deductions also led to, or contributed to, violation of the state and federal minimum wage and overtime wage laws.

21. Additionally, Defendants violated Plaintiffs' rights under Colorado law by failing to permit Plaintiffs to take uninterrupted meal periods and by failing to permit Plaintiffs to take mandated rest breaks. 7 CCR 1103-1 §§ 7-8.

22. Additionally, Defendants violated Plaintiffs' rights under Colorado law by charging Plaintiffs for the purchase and cleaning of company uniforms, in violation of Colorado Minimum Wage Order 29, 7 CCR 1103-1 § 11.

23. Additionally, Defendants violated Plaintiffs' state and federal rights regarding the employer's obligation to maintain records, including records of all hours worked.  Although Defendants have utilized a timekeeping system that has recorded certain beginning and ending work times throughout the day, Defendants did not use that timekeeping system to calculate Plaintiffs' wages or to pay all wages legally owed.

24. Additionally, Defendants violated Colorado wage law regarding the timing of wage payments, in that Defendant did not timely pay all wages within the legally allowed time after the wages were earned.  Instead, Defendants improperly deemed hours worked as earned only when the customer paid for the services Plaintiffs performed, which could be delayed past the legally required payroll date, or not paid at all.

25. Defendants' violations of state and federal wage and hour laws were willful and without good faith.

## COUNT I – FAIR LABOR STANDARDS ACT

26. Plaintiffs incorporate all allegations set forth herein.

27. At all material times, Plaintiffs have been entitled to the rights, protections, and benefits provided by the FLSA, 29 U.S.C. § 201 *et seq.*

28. At all material times, Defendants have been employers engaged in interstate commerce and subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

29. The FLSA requires, among other things, that Defendants maintain records of all hours worked, and that Defendants pay at least minimum wage and pay one-and-one-half times the regular rate for all time worked in excess of 40 hours per week.

30. Defendants violated the FLSA by failing to record and pay for all hours worked, and by failing to comply with the requirements to pay minimum wage and overtime.

31. Defendants have acted willfully and not in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA. Consequently, Plaintiffs' claims should be extended to a limitations period going back three years prior to the date of this lawsuit, and continuing to the present, and they are entitled to an award of liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime pursuant to the FLSA. Alternatively, should the Court find the Defendants did not act willfully, Plaintiffs are entitled to prejudgment interest at the applicable legal rate.

32. WHEREFORE, Plaintiffs demand judgment in their favor for all unpaid time worked, for unpaid minimum wages, for compensation at the overtime rate for hours worked over 40 per week, for liquidated damages, for pre- and post-judgment interest, and for reasonable attorney fees and the costs of this action.

## COUNT II – COLORADO WAGE LAW

33. Plaintiffs incorporate all allegations set forth herein.

34. At all material times, Defendants have each been an "employer" with respect to Plaintiffs under Colorado wage law, Colo. Rev. Stat. Ann. § 8-4-101 *et seq.*; Colorado Minimum Wage Order 29, 7 CCR 1103-1, and its predecessor and authorizing laws.

35. At all material times, Plaintiffs have been, vis-à-vis the Defendants, entitled to the rights, protections, and benefits provided by the Colorado Wage laws, Colo. Rev. Stat. Ann.

§ 8-4-101 *et seq.*; Colorado Minimum Wage Order 29, 7 CCR 1103-1, and its predecessor and authorizing laws.

36. Defendants have violated Colorado wage law as set forth herein by failing to pay Plaintiffs for all hours worked, failing to pay Plaintiffs the legally required minimum wage, failing to pay Plaintiffs the overtime rate for hours worked in excess of 40 per week, failing to permit Plaintiffs meal and rest breaks, failing to record all hours Plaintiffs worked, charging Plaintiffs for the cost and cleaning of uniforms, failing to pay Plaintiffs all wages when due, and improperly deducting amounts from Plaintiffs wages for Defendants' costs of doing business.

37. Defendants have acted willfully and not in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of Colorado wage laws. Consequently, Plaintiffs' claims should be extended to a limitations period going back three years prior to the date of this lawsuit.

38. WHEREFORE, Plaintiffs demand judgment in their favor for all unpaid time worked, for unpaid minimum wages, for compensation at the overtime rate for hours worked over 40 per week, for time worked through mandated meal and rest breaks, for pre- and post-judgment interest, and for reasonable attorney fees and the costs of this action. Additionally, Plaintiffs request that the Court enter judgment enjoining Defendants from continued violations of Colorado wage laws as described herein.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues that may be tried to a jury.

Respectfully submitted,

**CIVIL JUSTICE LAW FIRM LLC**
By: **/s/** Lee R. Anderson
Lee R. Anderson        MOBAR #57890
1627 Main St., Ste. 800
Kansas City, MO 64108
Phone: (816) 283-3100
anderson@civiljusticelawfirm.com

**Attorneys for Plaintiffs**